UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| REGINALD ELTON HADLEY | ) | |
| | ) | |
| v. | ) | 1:11-cv-122/1:10-cr-57 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Pending before the Court is a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 by Reginald Elton Hadley ("Hadley") (Criminal Court File No. 23).[1] A review of the record reveals a notice of appeal was filed on November 1, 2010 (Criminal Court File No. 20). A review of the United States Court of Appeal for the Sixth Circuit CM/ECF docket reveals Hadley presently has an appeal pending there, i.e., case number 10-6354. That docket sheet also reflects the government's brief is due on August 19, 2011. Therefore, the Court concludes Hadley's § 2255 motion will be denied without prejudice.

Hadley's conviction has not become final for purposes of the one-year limitation period under 28 U.S.C. § 2255 since he presently has an appeal pending. Consequently, he has prematurely filed his § 2255 motion. Absent extraordinary circumstances, a district court should not entertain a § 2255 motion while a direct appeal from the same conviction is still pending. *United States v. Milledge*, 109 F.3d 312, 315 (6th Cir. 1997); United *States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S. 1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,*

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968). *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996 WL 160792; *United States v. Leggett,* 23 F.3d 409 (6th Cir. 1994) (unpublished table decision), *available in*1994 WL 171441, at*1, *2; *Bishop v. United States,* 914 F.2d 1494 (6th Cir. 1990), (unpublished table decision), *available in*1990 WL 140602.

The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 at 484. Nothing approaching an extraordinary circumstance is apparent in the motion or the record in this case. Accordingly, the Court concludes that the motion for post conviction relief will be **DENIED WITHOUT PREJUDICE** (Criminal Court File No. 23)**.**[2]

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] *See United States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. Feb. 6, 2001) (unpublished decision), *available in* 2001 WL 128435, at *1. (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)